LAW OFFICE OF
ERICK L. GUZMAN
Cal. Bar No. 244391
740 4th St.
Santa Rosa, California, 95404
T: 707.595.4474; F: 707.540.6298
E: elg@guzmanlaw.org

Attorney for Petitioner

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT COURT OF CALIFORNIA

| | |
|---|---|
| GLORIA BAHENA DE SOTELO<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CASE NO. 12-CR-0061-JAH/<br>3:13-CV-142-JAH<br><br>**STATUS REPORT**<br><br>**[28 U.S.C. §2255]** |

On May 7, 2012, after Ms. Bahena pled guilty to alien smuggling in violation of 8 U.S.C. § 1324, this Court sentenced Ms. Bahena to six months of custody. Doc. 38. Thereafter, immigration authorities instituted removal proceedings against Ms. Bahena, who is a legal permanent resident. On January 17, 2013, Ms. Bahena timely filed her motion to vacate her alien smuggling conviction pursuant to 28 U.S.C § 2255. Doc. 43. On January 22, 2103, this Court ordered the Government to respond, which it did on March 15, 2013. Doc. 51. On March 29, 2013, Ms. Bahena filed her traverse. Doc. 52. This case has been pending since then.

a. Ms. Bahena is filing this supplemental document because she first wishes to give this Court an update on her immigration case. She originally had an immigration hearing scheduled for August 13, 2013. The immigration judge, however, continued the case to November 26, 2013 to allow time for this motion

to be resolved. While counsel is very mindful of this Court's busy schedule, counsel would respectfully request that this Court schedule a hearing to resolve this case before then to ensure that Ms. Bahena is not removed before this motion can be resolved.

  b. Ms. Bahena also wishes to provide this Court with a supplemental declaration from Norma Aguilar, a supervising attorney with Federal Defenders of San Diego. That declaration is attached to this status report as Exhibit A.

  As Ms. Bahena's habeas petition makes clear, part of her claim is that her prior defense attorneys provided ineffective assistance because they never told her that her removal was "virtually certain," since she pled guilty to alien smuggling, an aggravated felony. *See* Doc. 43. Rather than being told the correct advice—that her removal was virtually certain—her attorneys told her she would be able to stay in the United States. *See* Doc. 43. To prove she was prejudiced by that deficient advice, she had to prove that "a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 130 S. Ct. 1473, 1485 (2010). In her petition, Ms. Bahena noted that it would have been rational to reject the plea bargain that resulted in her removal from the country because she would have insisted on trial, in light of what she had to lose (her ability to lawfully live in the United States with her family), particularly in light of the fact that she had a potential duress defense to the charged crime.

  Ms. Aguilar's declaration notes that , based on her significant experience in this district, Ms. Bahena also would have been rational in rejecting a plea bargain to alien smuggling because the Government will often allow aliens in her position to plead guilty to an offense that would not result the alien's automatic removal from the country. Ms. Aguilar also notes that Ms. Bahena would have been rational in going to trial, as she could have potentially succeeded on a duress defense, in light of the facts of her case.

c. Ms. Bahena also wishes to provide this Court with her own declaration. That declaration is attached to this status report as Exhibit B. She wanted to provide one place where the facts relevant to her *Padilla* claim could be found.

September 10, 2013            Respectfully submitted,

_____
Erick L. Guzman, Esq.
Attorney for Ms. Bahena

LAW OFFICE OF
ERICK L. GUZMAN
Cal. Bar No. 244391
740 4th St.
Santa Rosa, California, 95404
T: 707.595.4474; F: 707.540.6298
E: elg@guzmanlaw.org

Attorney for Petitioner

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT COURT OF CALIFORNIA

| | |
|---|---|
| GLORIA BAHENA DE SOTELO | CASE NO. 12-CR-0061-JAH/ 3:13-CV-142-JAH |
| Petitioner, | |
| v. | **Certificate of Service** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

I, Erick L. Guzman, am a citizen of the United States and am at least eighteen years of age. I certify that the foregoing pleading has been electronically served this day upon Emily Allen, counsel for the Government.

September 10, 2013          Respectfully submitted,

                                      By

                                      Erick L. Guzman, Esq.
                                      Attorney for Ms. Bahena

# Exhibit A

LAW OFFICE OF
ERICK L. GUZMAN
Cal. Bar No. 244391
740 4th St.
Santa Rosa, California, 95404
T: 707.595.4474; F: 707.540.6298
E: elg@guzmanlaw.org

Attorney for Petitioner

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT COURT OF CALIFORNIA

| | |
|---|---|
| GLORIA BAHENA DE SOTELO<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CASE NO. 12-CR-0061-JAH/<br>3:13-CV-142-JAH<br><br>**DECLARATION OF NORMA AGUILAR IN SUPPORT OF MOTION TO VACATE**<br><br>**[28 U.S.C. §2255]** |

I, Norma Aguilar, declare the following under penalty of perjury:

1. I am an attorney licensed to practice law in the State of California and in the Southern District of California. I have been practicing law since 2000. I have spent all of that time doing criminal defense, most of which was spent at Federal Defenders of San Diego, Inc., where I am currently a supervisory attorney.

2. I have represented hundreds of criminal defendants, including many defendants who have been charged with alien smuggling in violation of 8 U.S.C. § 1324. Many of those defendants were legal permanent residents who were charged with violating 8 U.S.C. § 1324.

3. Based on my significant experience, Judge Irma Gonzalez previously found me to be a "legal expert" in a case involving the question of

the guilty plea practices in this district. *See Soto-Lopez v. United States*, 2012 WL 3134253, at *5 (S.D. Cal. Aug. 1, 2012).

4. I have reviewed the facts of Gloria Bahena de Sotelo's case: I have read her habeas petition, the complaint, and the pre-sentence report. I understand that Ms. Bahena is a citizen of Mexico and has been a legal permanent resident since 2002. Before the present offense, her only criminal offense was a 2008 conviction for DUI, for which she received a sentence of probation. She is married with four children. Her entire family lives in the United States. Remaining in the United States is very important to Ms. Bahena because of her family. Ms. Bahena alleges that she was raped by Rogelio Ochoa-Quiroz. The result of that rape is a child, who is now two years old. As a consequence of that rape, Ms. Bahena suffers from panic disorder, major depression with suicidal ideation, and Post Traumatic Stress Order. In December 2011, Ms. Bahena alleges that associates of Mr. Ochoa ordered her to pick Mr. Ochoa up in Mexico. Afraid and fearing for her life, Ms. Bahena did that. At the border, she was apprehended and charged with alien smuggling, in violation of 8 U.S.C. § 1324, because Mr. Ochoa has no legal status to be in the United States.

5. Based on the facts of this case, I never would have recommended that Ms. Bahena plead guilty to alien smuggling, as such a conviction would have assured her removal from the United States. *See* 8 U.S.C. § 1227(a)(2)(A)(iii). She plainly has a strong connection to the United States, given that her entire family lives here. Given that, I would have recommended that she either go to trial or that she request from the Government a plea offer to an offense that would not have resulted in her automatic removal.

6. Based on my significant experience, I believe that Ms. Bahena had a plausible duress defense. Given her relationship with Mr. Ochoa, I believe it is possible that she could have gotten a hung jury or an outright acquittal.

Indeed, I have had legal permanent resident clients in the past go to trial in similar situations. In my opinion, it would have been rational for Ms. Bahena to go to trial.

7. Based on my significant experience, I also think Ms. Bahena could have received a plea offer from the Government that would not have required her to plead guilty to alien smuggling, in light of the fact that she has almost no criminal history and a potential trial defense. There are at least two types of pleas the Government will offer to aliens in Ms. Bahena's situation that would not result in their automatic removal. First, the Government in this district has allowed aliens who are similarly situated to Ms. Bahena to plead guilty to aiding and abetting illegal entry in violation of 8 U.S.C. § 1325. Alternatively, she might have received a plea offer of making a false statement to a federal officer, in violation of 18 U.S.C. 1001. Such charges would have meant Ms. Bahena was removable, 8 U.S.C. § 1227(a)(1)(E)(i), but not an aggravated felon, *see* 8 U.S.C. § 1101(a)(43)(N). That would have allowed Ms. Bahena to apply for cancellation of removal under 8 U.S.C. § 1229b(a), a form of relief I believe she would have almost certainly received in light of her numerous equities. *See Matter of C-V-T*, 22 I&N Dec. 7, 11 (BIA 1998); *Matter of Monreal-Aguinaga,* 23 I&N Dec. 56, 64 (BIA 2001). Indeed, any competent attorney in this district—a border district in which attorneys regularly face issues concerning a client's potential removability—would have requested such a plea offer from the Government.

I declare under the penalty of perjury of the laws of the United States that the foregoing is true.

September 9, 2013

_____
Norma Aguilar

# Exhibit B

```
 1  LAW OFFICE OF
    ERICK L. GUZMAN
 2  Cal. Bar No. 244391
 3  740 4th St.
    Santa Rosa, California, 95404
 4  T: 707.595.4474; F: 707.540.6298
 5  E: elg@guzmanlaw.org
 6
    Attorney for Petitioner
 7
```

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT COURT OF CALIFORNIA

| GLORIA BAHENA DE SOTELO | CASE NO. 12-CR-0061-JAH/ 3:13-CV-142-JAH |
|---|---|
| Petitioner, | **DECLARATION OF GLORIA BAHENA DE SOTELO IN SUPPORT OF MOTION TO VACATE** |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | **[28 U.S.C. §2255]** |

I, Gloria Bahena de Sotelo, declare the following under penalty of perjury:

1. My name is Gloria Bahena-Sotelo. I do not speak or read English well. Because of that, my daughter, Adelina Sotelo, translated this declaration to me into Spanish. My daughter is fluent in both English and Spanish.

2. I am a citizen of Mexico and have been a lawful permanent resident of the United States since 2002. I have lived in the United States since I was 11. I received my GED from a high school in Los Angeles in 2003. I have worked various jobs since I came to the United States. I now have four children. All of my kids are U.S. citizens. I am married. My entire family lives in the United States.

1       3.     Because my entire family resides in the United States, remaining in the United States is incredibly important to me. My entire life is here. It would be devastating to have to return to Mexico.

      4.     My two prior criminal defense attorneys in this case, Patrick Aguirre and David Shapiro, never told me that pleading guilty to alien smuggling meant my removal from the United States was virtually certain. Mr. Aguirre told me he had immigration experience and if I pled guilty, he would take care of any immigration issue. He told me I would not lose my "mica"—that is, my green card. Mr. Shapiro also told me that, based on the plea agreement I signed when he was representing me, if I got an immigration attorney, I would be able to remain in the country. He seemed quite confident that I would ultimately be allowed to remain in the country.

      5.     If I had known that by pleading guilty—that is, admitting my guilt—to alien smuggling I would be automatically removable, I never would have plead guilty. If it were possible to plead guilty but remain in the United States, I would have wanted that option. If pleading guilty and remaining in the country was not possible, I would have insisted on going to trial, even if that meant I risked going to prison for many years. Given how important remaining in the United States was to me, I would have gladly risked serving more prison time at the chance of remaining in the United States. Being sent to Mexico without the possibility of returning to the United States is far, far worse than serving a lengthy prison sentence.

I declare under the penalty of perjury of the laws of the United States that the foregoing is true.

September 4, 2013

*Gloria Bahena*
Gloria Bahena de Sotelo

2